No. 12-2482

*In the*

# United States Court of Appeals

*for the*

# Eighth Circuit

_____

David Longaker,

Plaintiff-Appellant,

vs.

Boston Scientific Corporation; Guidant Sales Corporation,

Defendant-Appellees.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
THE HONORABLE ANN D. MONTGOMERY
Civ. No. 12-CV-185 ADM/JSM

_____

**APPELLEES' RESPONSE BRIEF**

_____

FAEGRE BAKER DANIELS LLP

Daniel G. Wilczek, MN Atty # 131660
Kyle T. Fogt, MN Atty # 390217
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

Attorneys for Defendant-Appellees

## SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT

Plaintiff-Appellant David Longaker's employment with Defendant-Appellees was terminated just one day after Longaker filed for bankruptcy. Longaker was party to a term employment agreement that entitled him to certain payments if his employment was terminated without "Cause."  Even though this contingent interest did not vest until Longaker's employment was terminated – the day after Longaker filed for bankruptcy – that legal interest was transferred to the bankruptcy estate because it arose from Longaker's pre-petition Employment Agreement.

Longaker did not disclose this legal interest in his bankruptcy proceeding and his debts were discharged.  He then made a breach of contract claim to obtain the guaranteed payments he alleges he is owed because he claims he was not discharged for "Cause" as defined in the employment agreement.  The district court correctly recognized that Longaker lacked standing to assert such a claim for breach of contract because any right to guaranteed payments is the property of the bankruptcy estate.

Longaker also pursued a retaliation claim under the Minnesota Human Rights Act ("MHRA") despite the fact that he had never lived or worked in Minnesota.  The district court dismissed Longaker's retaliation claim because he lacked standing to pursue a claim under the MHRA.  Rather than appeal that

Appellate Case: 12-2482     Page: 2     Date Filed: 09/13/2012 Entry ID: 3952694

finding, Longaker seeks reversal because the district court did not grant him leave to amend his Complaint.  However, Longaker did not make a motion or request leave to amend the Complaint or otherwise comply with the requirements for requesting such leave.

Defendants respectfully request 20 minutes of oral argument per side.

Appellate Case: 12-2482     Page: 3     Date Filed: 09/13/2012 Entry ID: 3952694

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Defendant-Appellee Boston Scientific Corporation states that it has no parent corporation and that no publicly traded corporation directly holds 10% or more of its stock.

Defendant-Appellee Guidant Sales Corporation states that its parent corporation is Boston Scientific Corporation, a publicly traded corporation, and that no publicly traded corporation directly holds 10% or more of its stock.

iii

# TABLE OF CONTENTS

**Page**

SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT ........... i

CORPORATE DISCLOSURE STATEMENT ...................................................... iii

JURISDICTIONAL STATEMENT ............................................................................1

STATEMENT OF ISSUES ..........................................................................................2

STATEMENT OF THE CASE......................................................................................3

STATEMENT OF FACTS .............................................................................................5

    I.     Longaker's Employment with Guidant................................................5

          A.    Commencement of Employment with Guidant .........................5

          B.    2009 Agreement ........................................................................5

          C.    Longaker's Employment Is Terminated. ...................................6

    II.    Longaker Files for Bankruptcy the Day Before His
          Employment is Terminated. .................................................................6

    III.    Longaker Pursues Claims Against BSC in California. ........................7

          A.    Longaker Files Discrimination Charge in California. ...............7

          B.    Longaker Sues BSC in California State Court Asserting
               Claims Under California Law.....................................................7

          C.    California Action Dismissed For Improper Venue....................8

    IV.    Longaker Pursues Claims in Minnesota..............................................9

          A.    Defendants Move to Dismiss Plaintiff's Complaint.................10

          B.    Longaker Does Not Seek Leave to Amend Complaint. ...........10

          C.    District Court Dismisses Longaker's Complaint.....................12

               1.    Breach of Contract Claim Dismissed .............................12

Appellate Case: 12-2482    Page: 5    Date Filed: 09/13/2012 Entry ID: 3952694

2. Retaliation Claim Dismissed ............................................12

3. Longaker Does Not Seek Leave to Amend his Complaint. ........................................................13

4. Longaker Does Not Allege District Court Erred in Failing to Grant him Leave to Amend his Complaint. ........................................................13

SUMMARY OF THE ARGUMENT ........................................................14

STANDARD OF REVIEW ........................................................15

ARGUMENT ........................................................16

I. The District Court Correctly Dismissed Longaker's Breach of Contract Claim for Lack of Standing. ........................................................16

A. Longaker Has Failed to Meet His Burden to Establish Standing. ........................................................16

B. Longaker's Rights Under the Agreement are Property of Bankruptcy Estate. ........................................................17

1. The Bankruptcy Estate Includes All Interests of the Debtor In Existence Upon Filing of the Bankruptcy Petition. ........................................................17

2. Longaker's Bankruptcy Estate Included Any Right to Guaranteed Payments Under His Agreement. ........................................................18

4. Longaker's Right to Collect Guaranteed Payments Was Not Conditioned on Performance of Post-Petition Services. ........................................................23

5. Longaker Should be Precluded From Raising this New Argument for the First Time on Appeal. ........................................................24

II. The District Court Correctly Dismissed Longaker's MHRA Claim with Prejudice Rather than Granting Him Leave to Amend his Complaint. ........................................................25

Appellate Case: 12-2482    Page: 6    Date Filed: 09/13/2012 Entry ID: 3952694

A.      Longaker Did Not Request Leave to Amend His Complaint...................................................................25

         1.      Longaker Did Not Make a Written Request for Leave to Amend...........................................26

         2.      Longaker Did Not Request Leave to Amend at the Motion Hearing...........................................26

B.      Longaker Failed to Comply with the Requirements of the Applicable Local Rules for Seeking Leave to Amend. ............28

C.      Longaker Has Waived the Right To Seek Reversal on this Basis. ...................................................................30

CONCLUSION ........................................................................32

Appellate Case: 12-2482     Page: 7     Date Filed: 09/13/2012 Entry ID: 3952694

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Aaron v. Target Corp.*,
357 F.3d 768 (8th Cir. 2004)........................................................24, 25

*Becker v. Univ. of Neb.*,
191 F.3d 904 (8th Cir. 1999)........................................................30, 31

*Callantine v. Staff Builders, Inc.*,
271 F.3d 1124 (8th Cir. 2001).........................................................25

*Carlson v. Hyundai Motor Co.*,
164 F.3d 1160 (8th Cir. 1999)........................................................30

*Clayton v. White Hall Sch. Dist.*,
778 F.2d 457 (8th Cir. 1985).........................................................31

*Corn Plus Coop. v. Cont'l Cas. Co.*,
516 F.3d 674 (8th Cir. 2008).........................................................24

*Drobnak v. Andersen Corp.*,
561 F.3d 778 (8th Cir. 2009).........................................................30

*Dudek v. Prudential Sec., Inc.*,
295 F.3d 875 (8th Cir. 2002).........................................................29

*Enervations, Inc. v. Minnesota Mining and Mfg. Co.*,
380 F.3d 1066 (8th Cir. 2004)........................................................15, 16

*Evergreen Invs., LLC v. FCL Graphics, Inc.*,
334 F.3d 750 (8th Cir. 2003).........................................................30

*Faibisch v. Univ. of Minn.*,
304 F.3d 797 (8th Cir. 2002).........................................................16

*Fix v. First State Bank of Roscoe*,
559 F.3d 803 (8th Cir. 2009).........................................................19

*Gomez v. Wells Fargo Bank, N.A.*,
676 F.3d 655 (8th Cir. 2012)........................................................29, 30

Appellate Case: 12-2482     Page: 8     Date Filed: 09/13/2012 Entry ID: 3952694

*Hopkins v. Saunders*,
199 F.3d 968 (8th Cir. 1999)...............................................................................30

*In re A'Hearn*,
2011 Bankr. LEXIS 3721 (Bankr. N.D. Iowa Oct. 4, 2011)...............................22

*In re Booth*,
260 B.R. 281 (6th Cir. BAP 2001)................................................................17, 19

*In re Carlton*,
309 B.R. 67 (Bankr. S.D. Fla. 2004).................................................................17

*In re Comm. Fin. Servs., Inc.*,
246 F.3d 1291 (10th Cir. 2001).........................................................................19

*In re Edmonds*,
263 B.R. 828 (E.D. Mich. May 31, 2001) .........................................................19

*In re Jokiel*,
447 B.R. 868 (Bankr. N.D. Ill. 2011)................................................................22

*In re LaSpina*,
304 B.R. 814 (Bankr. S.D. Ohio 2004)..............................................................22

*In re Parsons*
280 F.3d 1185 (8th Cir. 2002) ..........................................................................24

*In re Phones for All, Inc.*,
249 B.R. 426 (Bankr. N.D. Tex. 2000) ..............................................................19

*In re Robb & Stucky Ltd., LLLP*,
8:11-bk-02801-CED, 2011 Bankr. LEXIS 3302 (Bankr. M.D. Fla. Sept. 7, 2011) .....................................................................................................................19

*In re Ryerson*,
739 F.2d 1423 (9th Cir. 1984)...................................................................*passim*

*In re Vote*,
276 F.3d 1024 (8th Cir. 2002)...................................................................17, 25

*In re Wick*,
276 F.3d 412 (8th Cir. 2002).....................................................................*passim*

Appellate Case: 12-2482    Page: 9    Date Filed: 09/13/2012 Entry ID: 3952694

*In re Yonikus*,
  996 F.2d 866 (7th Cir. 1993) .............................................................................17

*Jones v. Gale*,
  470 F.3d 1261 (8th Cir. 2006) ............................................................................16

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ...........................................................................................16

*Meehan v. United Consumers Club Franchising Corp.*,
  312 F.3d 909 (8th Cir. 2002) .............................................................................30

*Misischia v. St. John's Mercy Health Sys.*,
  457 F.3d 800 (8th Cir. 2006) ........................................................................28, 29

*O'Neil v. Simplicity, Inc.*,
  574 F.3d 501 (8th Cir. 2009) ..........................................................................2, 28

*OnePoint Solutions, LLC v. Borchert*,
  486 F.3d 342 (8th Cir. 2007) .............................................................................15

*Prof. Firefighters Ass'n of Omaha, Local 385 v. Zalewski*,
  678 F.3d 640 (8th Cir. 2012) .............................................................................24

*Prof'l Mgmt. Assocs., Inc. Employees Profit Sharing Plan v. KPMG LLP*,
  335 F.3d 800 (8th Cir. 2003) .............................................................................29

*Steele v. City of Bemidji*,
  257 F.3d 902 (8th Cir. 2001) .....................................................................2, 25, 26

*United States ex rel. Gebert v. Transport Admin. Servs.*,
  260 F.3d 909 (8th Cir. 2001) .............................................................................17

*Wolgin v. Simon*,
  722 F.2d 389 (8th Cir. 1983) ........................................................................ 29, 30

## FEDERAL STATUTES

11 U.S.C. § 541(a)(1) .........................................................................*passim*

28 U.S.C. § 1291 ......................................................................................1

28 U.S.C. § 1332(a) ..................................................................................1

Appellate Case: 12-2482    Page: 10    Date Filed: 09/13/2012 Entry ID: 3952694

11 USC § 541(a)(6)..................................................................*passim*

**RULES**

Fed. R. App. P. 4(a) ...............................................................1

Fed. R. App. P. 32(a)(7)(B) ...................................................1

Fed. R. Civ. P. 12(b)(1) .....................................................10, 15

Fed. R. Civ. P. 12(b)(6) ........................................................10

Fed. R. Civ. P. 15(a) .........................................................2, 25

Fed. R. Civ. P. 60(b) ............................................................31

D. Minn. Local Rule 7.1 .......................................................10

D. Minn. Local Rule 15.1 ...................................................2, 28

Appellate Case: 12-2482    Page: 11    Date Filed: 09/13/2012 Entry ID: 3952694

## JURISDICTIONAL STATEMENT

Longaker commenced this action in the United States District Court, District of Minnesota. The district court had jurisdiction over this action pursuant to its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The district court granted the defendants' motion to dismiss and judgment was entered on May 23, 2012. *See* A-00240. Longaker timely filed a Notice of Appeal on June 20, 2012 under Fed. R. App. P. 4(a). A-00243. As such, this Court has jurisdiction under 28 U.S.C. § 1291.

Appellate Case: 12-2482    Page: 12    Date Filed: 09/13/2012 Entry ID: 3952694

## STATEMENT OF ISSUES

1.　Did the district court correctly find that Appellant's right to guaranteed payments under Appellant's term employment contract was property of Appellant's bankruptcy estate?

**Most apposite authorities**:

11 U.S.C. § 541(a)(1)

*In re Ryerson*, 739 F.2d 1423 (9th Cir. 1984)

*In re Wick*, 276 F.3d 412, 416 (8th Cir. 2002)


2.　Did the district court abuse its discretion in not granting Appellant leave to amend his Complaint to include a California state law claim where Appellant did not request leave to amend or comply with the local rules for seeking such leave?

**Most apposite authorities**:

Fed. R. Civ. P. 15(a)

U.S. District Court, District of Minnesota Local Rule 15.1

*Steele v. City of Bemidji*, 257 F.3d 902, 905 (8th Cir. 2001)

*O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009)

Appellate Case: 12-2482　　Page: 13　　Date Filed: 09/13/2012 Entry ID: 3952694

## STATEMENT OF THE CASE

Plaintiff David Longaker ("Longaker") was employed by Defendant Guidant Sales Corporation ("Guidant") pursuant to a term employment agreement (the "Agreement"). The Agreement required Guidant to make guaranteed payments to Longaker for the term of the contract if Guidant terminated Longaker's employment for a reason other than "Cause," as that term is defined by the Agreement.

Longaker filed for bankruptcy protection on September 30, 2010. The following day, Guidant terminated Longaker's employment. He performed no services for Guidant after his employment terminated. Longaker claims that Guidant breached the Agreement because he was not discharged for Cause and is entitled to guaranteed payments as provided in the Agreement.

Longaker did not disclose in his bankruptcy proceeding his claimed right under his Agreement to receive nearly two years worth of guaranteed payments because he was not discharged for Cause. In reliance upon Longaker's representations regarding his assets, the bankruptcy court discharged Longaker's debts. Shortly thereafter, Longaker initiated litigation against Guidant's parent company, Boston Scientific Corporation ("Boston Scientific"), and later Guidant, to recover nearly two years worth of guaranteed payments he claims he is owed under the Agreement, which amount to approximately $240,000.

3

The district court concluded that Longaker had a contingent right to the guaranteed payments when he entered into the Agreement in October 2009. As a result, Longaker had a contingent legal interest in these guaranteed payments before he filed for bankruptcy. Because the bankruptcy estate includes all legal and equitable interests that exist as of commencement of the bankruptcy case, 11 U.S.C. § 541(a)(1), the district court correctly concluded that Longaker's contingent legal interest in these guaranteed payments was property of his bankruptcy estate. As a result, the district court found that Longaker lacked standing to sue for breach of contract and dismissed his claim.

The district court also dismissed a retaliation claim that Longaker brought under the Minnesota Human Rights Act ("MHRA"). The district court correctly found that Longaker lacked standing to sue under the MHRA because he did not live or work in Minnesota. Longaker does not appeal this decision. Instead, Longaker attacks the district court for not granting him leave to amend his Complaint to bring a retaliation claim under California law. However, Longaker never made a motion to amend the Complaint, did not request leave to amend the Complaint, and has never presented a proposed amended complaint as required by applicable Local Rules when requesting leave to amend. As a result, the district court did not abuse its discretion in dismissing Longaker's Complaint.

4

<u>**STATEMENT OF FACTS**</u>[1]

As they must, Appellees take the well-pleaded factual allegations in Appellant's Complaint as true for purposes of Appellant's appeal from the order granting Appellees' motion to dismiss.

## I.   <u>Longaker's Employment with Guidant.</u>

### A.   **Commencement of Employment with Guidant**

Appellant David Longaker at all times relevant to this dispute lived in California.  (A-00053, ¶ 1.)  In September 2007, Longaker began working as a sales representative for Guidant Sales Corporation ("Guidant"), under a written employment agreement with Guidant (the "2007 Agreement").  (A-00055, ¶¶ 10-11.)  The 2007 Agreement had a two-year term, from September 17, 2007 to September 30, 2009.  (A-00174, ¶ 3.)

### B.   **2009 Agreement**

Longaker and Guidant[2] entered into a second employment agreement dated October 1, 2009 (the "Agreement").  (A-00055, ¶ 13; A-00064 – A-00071.)  The Agreement had a three-year term, from October 1, 2009 through September 30, 2012.  (A-00064, ¶ 1.)  Under the Agreement, certain monthly payments were "guaranteed" to Longaker "for each month" of the term unless he quit or his

---

[1]      Documents in the Joint Appendix are cited as "A-_____."  Documents in Joint Supplemental Appendix are cited as "SA-____."

[2]      At this time, Guidant was a wholly-owned subsidiary of Boston Scientific Corporation ("BSC").  (A-00074, ¶ 3.)

Appellate Case: 12-2482      Page: 16      Date Filed: 09/13/2012 Entry ID: 3952694

employment was terminated by Guidant for one of the reasons stated in Paragraph 9 (A-00065, ¶ 3; A-00069, ¶ 11): (a) the expiration of the term of the Agreement; (b) termination of Longaker's employment for "Cause" as defined in Paragraph 9(b); (c) Longaker's death or permanent disability; or (d) assignment to a different position with Guidant or BSC. (A-00067 – A-00069, ¶ 9.)

### C. Longaker's Employment Is Terminated.

On September 30, 2010, Longaker was advised to attend a meeting with his supervisor at Guidant's Fremont, California office the following day. (A-00058, ¶ 27.) On October 1, 2010, Longaker's supervisor informed Longaker that his employment with Guidant was being terminated, effective immediately. (A-00058 – A00059, ¶ 27.) Longaker claims that he asked for the reason for his termination but his supervisor declined to provide an answer. (A00059, ¶ 27.) According to Longaker, neither his supervisor nor anyone else from Guidant ever told him "why his employment was being terminated (and/or which provision(s) of the Agreement [Longaker] had purportedly breached, which was the only way [Guidant] could terminate the Agreement early)." (A00059, ¶ 27.)

## II. Longaker Files for Bankruptcy the Day Before His Employment is Terminated.

On September 30, 2010, Longaker filed for Chapter 7 bankruptcy protection in the U.S. Bankruptcy Court for the Northern District of California. (A-00083 – A-00122.) In Schedule G of his bankruptcy petition, Longaker checked a box

6

indicating that he had "no executory contracts."[3]  (A-00099.)  By signing the

petition, Longaker affirmed "under penalty of perjury that the information

provided in [the] petition is true and correct."  (A-00085.)

### III. Longaker Pursues Claims Against BSC in California.

#### A. Longaker Files Discrimination Charge in California.

On November 22, 2010, Longaker filed a charge of discrimination with the

California Department of Fair Employment and Housing.  (A-00171, ¶ 11.)  In this

charge, Longaker alleged that BSC had violated the California Fair Employment

and Housing Act ("FEHA") by terminating his employment in retaliation for

previously having made a complaint of sexual harassment.  (A-00200 – A-00201.)

Longaker did not pursue a claim of discrimination under federal law, such as under

Title VII of the Civil Rights Act of 1963.  (A-00258 – A-00259.)

#### B. Longaker Sues BSC in California State Court Asserting Claims Under California Law.

On February 22, 2011, Longaker filed a lawsuit against BSC in California

state court in which he asserted a breach of contract claim and claims under the

FEHA (the "California Action").  (A-00054, ¶ 7.)  On April 14, 2011, BSC timely

---

[3]     Longaker also never amended his bankruptcy disclosures to disclose the existence of the Agreement or his claimed contractual right to guaranteed payments under the Agreement.  Based on the representations in his bankruptcy petition, the bankruptcy court discharged Appellant's debts on January 11, 2011. (A-00124.)

7

removed the case to the United States District Court for the Northern District of California.  (A-00054, ¶ 8.)

### C.    California Action Dismissed For Improper Venue.

BSC then moved to dismiss the California Action.[4]  (A-00054, ¶ 9.)  BSC argued that the California Action should be dismissed for improper venue because the Agreement, on which Longaker based his breach of contract claim, contained a Minnesota forum selection clause.  (A-00283 – A-00289.) Contrary to the assertions in Longaker's Opening Brief, BSC did *not* "represent[] to the California court that Appellant could still bring a retaliation claim under the MHRA if the case was sent to Minnesota."  Opening Brief at p. 6.  Rather, BSC noted that "Minnesota law contains employee protections for the claims [Plaintiff] is pursuing here that are similar to California law" and, thus, it would not contravene California public policy to require Longaker to pursue such claims in a Minnesota court.  (A-00212 – A-00213.)

------

[4]    Longaker suggests in his opening brief that Defendants engaged in improper conduct, asserting that Defendants "filed and/or re-filed a series of motions to get the case transferred to Minnesota."  Opening Brief at p. 5.  BSC re-noticed its motion to dismiss after the case was assigned to a different judge.  BSC withdrew its motion to dismiss after Longaker, in opposing BSC's motion to dismiss, testified in a declaration that "[a]s a result of losing his] job, [he] had to file for Chapter 7 bankruptcy protection."  (A-00131.)  BSC subsequently refiled the motion to dismiss, adding the argument that Longaker lacked standing and was estopped from asserting claims against BSC because he failed to disclose the claimed contingent contractual rights in his bankruptcy proceeding.  (A-00270.) BSC never filed a motion to transfer.

8

The California court agreed with BSC that the Minnesota forum selection clause in the Agreement should be enforced and dismissed the California Action for improper venue. (A-00054, ¶ 9; A-00138 – A-00145.) The court did not address the alternative bases for dismissal, including whether the Agreement's Minnesota choice-of-law provision should be enforced[5] or whether Longaker's bankruptcy filing precluded him from pursuing some of his claims.[6] (A-00138 – A-00145.)

## IV. Longaker Pursues Claims in Minnesota.

On January 25, 2012, Longaker commenced the present lawsuit against Guidant and BSC (collectively, "Defendants") in United States District Court for the District of Minnesota.[7] (A-00053 – A-00062.) Longaker asserted two claims:

---

[5] In his opening brief, Longaker asserts that "[i]n its ruling, the California court noted that it believed Appellant could adequately pursue his retaliation claim under Minnesota law." Opening Brief at pps. 6-7 (citing A-00152). As support for this groundless assertion, Longaker cites only his brief opposing the motion to dismiss, likely because the California court made no such finding. (*See* A-00138 – A-00145.)

[6] Longaker's attorney subsequently contacted the trustee for Longaker's bankruptcy estate and obtained from him a letter stating the trustee's opinion regarding how Longaker's bankruptcy filing affected his claims. (A-00207; A-00209.) Longaker's attorney did not disclose the existence of this letter until filing his brief in opposition to Defendants' motion to dismiss. (A-00207.) The district court in this lawsuit correctly declined to consider the trustee's letter after Longaker admitted he had no legal authority regarding what deference a court must give such a letter. (A-00264 – A-00266.)

[7] In his opening brief, Longaker erroneously asserts that he "re-filed his complaint in Minnesota." Opening Brief at p. 7. Contrary to this assertion,

Appellate Case: 12-2482    Page: 20    Date Filed: 09/13/2012 Entry ID: 3952694

(a) a breach of contract claim and (b) a retaliation claim under the MHRA. (A-00059 – A-00061.)

### A. Defendants Move to Dismiss Plaintiff's Complaint.

On February 17, 2012, Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (A-00022.) Pursuant to District of Minnesota Local Rule 7.1, Appellees timely filed its memorandum in support of this Motion on March 16, 2012.[8] (A-00024 – A-00048.)

### B. Longaker Does Not Seek Leave to Amend Complaint.

On April 27, 2012, the Honorable Judge Ann D. Montgomery heard arguments on Defendants' Motion. (A-00247 – A-00269.) Prior to this motion hearing, Longaker did not make a motion for leave to amend his Complaint. (*See* SA-001 – SA-005.) Nor did Longaker request leave to amend his Complaint during the motion hearing though the topic of a potential motion to amend was twice addressed by Longaker. (A-00247 – A-00269.) At the beginning of the

---

Longaker commenced a <u>new</u> lawsuit in Minnesota in which he asserted a different cause of action than the California action, namely, a retaliation claim under the Minnesota Human Rights Act ("MHRA"). (*See* A-00053 – A-00062.)

[8]     Despite noting that such evidence was never entered in the record before the district court, Longaker attempts to rely upon his assertion that his counsel "contacted Appellees' lawyers to ask them to stipulate to having Appellant's retaliation claim governed by California law . . ." This allegation, which is irrelevant to Longaker's arguments on appeal, is not part of the record on appeal and should not be considered by this Court.

10

hearing, the district court asked Longaker if he conceded Defendants' argument

regarding the MHRA claim. Longaker responded as follows:

> MR. NELSON [Attorney for Longaker]: What I'm proposing is that I could amend the complaint, which seems consistent with what the defendants want, I could amend the complaint to bring the retaliation cause of action under California law.
>
> THE COURT: And have it heard in Minnesota? Well, then it's not an MHRA claim and it changes, and I'm guessing Mr. Wilczek is not going to consent to an amending of the Complaint at this juncture.
>
> MR. WILCZEK [Attorney for Defendants]: That's correct, Your Honor.
>
> The COURT: All right. Then I'm going to decide the case as it's briefed….

(A-00250.)

The possibility of seeking leave to amend **_in the future_** was raised by

Longaker later in the argument. The district court expressly advised Longaker

what the Local Rules require if such leave were to be requested:

> MR. NELSON [Attorney for Longaker]: Okay. So – so, again, if – if there is a ruling that he cannot pursue his claim under the MHRA, I think it's extreme to conclude that he can't pursue his retaliation claim under any body of law, so I would argue that if Minnesota law doesn't govern, then California law should.
>
> THE COURT: But my task will be to just determine what's in the complaint and whether there's a viable MHRA claim?
>
> MR. NELSON: And again, what I would seek leave to do if that happens is to amend the complaint to plead a claim under California law.

Appellate Case: 12-2482    Page: 22    Date Filed: 09/13/2012 Entry ID: 3952694

> THE COURT: All right. And I don't know where you stand with regard to scheduling order and the timeliness of the leave to amend. And the local rule here is if it's part of your request to seek leave to amend, you'd need to submit an amended complaint and show how the amendment would cure it and not be fatal, but I think we're beyond that point so.
>
> MR. NELSON: Which is probably a bridge that is not to be crossed today. So that's my response to the retaliation claim.

(A-00259 – A-00260.)

### C. District Court Dismisses Longaker's Complaint.

On May 23, 2012, the district court granted Defendants' motion and dismissed Longaker's Complaint with prejudice.[9] (A-00227-00239.)

#### 1. Breach of Contract Claim Dismissed

The district court dismissed Longaker's breach of contract claim after finding that Longaker lacked standing to assert such a claim "because the contingent interests he held in the Employment Agreement became property of the bankruptcy estate when he filed his Chapter 7 bankruptcy petition." (A-00238.)

#### 2. Retaliation Claim Dismissed

The district court dismissed Longaker's retaliation claim after finding that Longaker, who never lived or worked in Minnesota, lacked standing to assert a claim under the Minnesota Human Rights Act ("MHRA"). (A-00232 – A-00233.)

---

[9] Contrary to Longaker's suggestion that the district court failed to respond to his "request to amend," there was no motion for leave to amend the complaint pending for the court could act upon at that time. (*See* SA-001 – SA-005.)

12

The district court rejected Longaker's argument that California law should govern this claim because he "failed to allege any California causes of action." (A-00232 – A-00233.) In addition, the district court found that "[e]ven if Longaker had standing to assert a claim under the MHRA, his claim would be time-barred by the statute of limitations." (A-00233.)

### 3. Longaker Does Not Seek Leave to Amend his Complaint.

After the district court dismissed his Complaint, Longaker did not file a motion for leave to amend the Complaint. (*See* SA-001 – SA-005.) Despite having represented to the district court that he would seek such leave if his MHRA claim were dismissed, Longaker did not seek such leave. (A-00259 – A-00260.) Nor did Longaker ever file a new complaint in which he asserted a retaliation claim under California law. (*See* SA-001 – SA-005.)

### 4. Longaker Does Not Allege District Court Erred in Failing to Grant him Leave to Amend his Complaint.

Even after the district court dismissed his MHRA claim with prejudice, Longaker did not request that the district court reconsider its decision. As such, Longaker did not raise with the district court his contention that it had erred by dismissing his Complaint with prejudice rather than granting him leave to amend. (*See* SA-001 – SA-005.) Instead, Longaker appealed the district court's order. (A-00243.) Even then, Longaker did not allege in his "Issues on Appeal" that he filed

13

with his Notice of Appeal that the district court had erred in not granting him leave to amend his Complaint. (A-00245.)

## SUMMARY OF THE ARGUMENT

The district court properly held that Longaker lacked standing to sue under either of the claims asserted in his Complaint.

First, the district court correctly held that the contingent interest in guaranteed payments that Longaker held under his term employment agreement was property of the bankruptcy estate. Under the Agreement he was guaranteed certain payments during its term if Defendants terminated his employment for a reason other than for "Cause." Because, according to Longaker, Defendants terminated his employment for a reason that did not constitute "Cause," Longaker's contingent right in the guaranteed payments under his Agreement fully vested upon his termination. Under well-established case law, this contingent legal interest is property of the bankruptcy estate even though it did not vest until one day after Longaker filed for bankruptcy.

Contrary to Longaker's assertion otherwise, this legal interest in the guaranteed payments is not excluded from the bankruptcy estate simply because it would have been compensation for services performed had his employment continued. Longaker did not perform any services after filing for bankruptcy; the damages he seeks to recover through his breach of contract claim are the

14

guaranteed payments he claims he is owed under his Agreement. Any right to guaranteed payments because Longaker was supposedly not discharged for Cause is property of the bankruptcy estate.

Second, Longaker has abandoned the argument that the district court erred in dismissing his retaliation claim under the MHRA for lack of standing and because his claim was time-barred. Instead, Longaker claims that the district court abused its discretion in dismissing this claim without granting him leave to amend. The district court's decision was not an abuse of discretion and should be affirmed because: (a) Longaker did not request leave to amend his Complaint at any time, including after the MHRA claim was dismissed, as he had said he would do; (b) he failed to comply with the district's local rules for seeking such leave, which the district court expressly reviewed with him; and (c) he has waived the right to make that argument on appeal.

## STANDARD OF REVIEW

The district court's dismissal of Longaker's breach of contract claim for lack of standing or subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure is reviewed *de novo*. *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007). This Court applies an abuse of discretion standard in reviewing the district court's denial of Longaker's alleged request for

15

leave to amend a complaint. *See Enervations, Inc. v. Minnesota Mining and Mfg. Co.*, 380 F.3d 1066, 1068 (8th Cir. 2004).

## ARGUMENT

## I.   The District Court Correctly Dismissed Longaker's Breach of Contract Claim for Lack of Standing.

The district court held that Longaker lacked standing to assert a breach of contract claim under the Agreement "because the contingent interests he held in the Employment Agreement became property of the bankruptcy estate when he filed his Chapter 7 bankruptcy petition." A-00238. That ruling should be affirmed.

### A.   Longaker Has Failed to Meet His Burden to Establish Standing.

When a plaintiff lacks standing to assert a claim, the district court lacks subject matter jurisdiction over the claim. *See Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002); *Jones v. Gale*, 470 F.3d 1261, 1265 (8th Cir. 2006). Longaker bears the burden of establishing standing by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). When a plaintiff fails to meet this burden, his/her claims must be dismissed for lack of subject matter jurisdiction. *See Faibisch*, 304 F.3d at 801. The district court concluded that Longaker had failed to meet his burden to establish standing to pursue his breach of contract claim because the claim belonged to his bankruptcy estate.

16

**B.      Longaker's Rights Under the Agreement are Property of Bankruptcy Estate.**

**1.      The Bankruptcy Estate Includes All Interests of the Debtor In Existence Upon Filing of the Bankruptcy Petition.**

Upon filing a bankruptcy petition, "all legal or equitable interests of the debtor in property as of the commencement of the case, are transferred to the bankruptcy estate." 11 U.S.C. § 541(a)(1); *United States ex rel. Gebert v. Trans. Admin. Servs.*, 260 F.3d 909, 913 (8th Cir. 2001). Longaker agrees that "the bankruptcy estates apply broadly to debtors' pre-bankruptcy holdings." Appellant's Opening Brief at p. 12. As the district court recognized, "[n]umerous courts have held that 11 U.S.C. § 541(a)(1) includes in the bankruptcy estate all interests held by the debtor, 'even future, non-possessory, contingent, speculative, and derivative interests.'" A-00236 (quoting *In re Carlton*, 309 B.R. 67, 71 (Bankr. S.D. Fla. 2004)); *see also In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993); *In re Booth*, 260 B.R. 281, 285 (6th Cir. BAP 2001).

Under 11 U.S.C. § 541(a)(1), the question is whether the debtor had a legal or equitable interest in payments ***at the time he filed his bankruptcy petition***. *See In re Vote*, 276 F.3d 1024, 1026-27 (8th Cir. 2002) (holding that disaster recovery payments to a debtor-farmer were not property of his bankruptcy estate because the farmer did not have an interest in these payments until Congress passed legislation creating such an interest, which occurred after he filed for bankruptcy).

17

Appellate Case: 12-2482      Page: 28      Date Filed: 09/13/2012 Entry ID: 3952694

### 2. Longaker's Bankruptcy Estate Included Any Right to Guaranteed Payments Under the Agreement.

Longaker argued to the district court that his right to the guaranteed payments under the Agreement did not belong to the bankruptcy estate because his right to such payments only arose upon his termination, which occurred just one day after he filed for bankruptcy. (A-00237.) The district court correctly noted that "Longaker's argument, however, flies in the face of case law which has consistently held contingent interests set forth in a pre-petition contract – like guaranteed salary upon termination – to be part of a bankruptcy estate."[10] (A-00237.)

The bankruptcy estate includes all legal and equitable interests in existence upon filing of a bankruptcy petition. 11 U.S.C. § 541(a)(1). This includes contingent interests under a pre-petition contract that have not yet vested as of the time of the bankruptcy filing. *See, e.g.*, *In re Ryerson*, 739 F.2d 1423 (9th Cir. 1984) (holding that the right to collect termination payments under a pre-petition employment contract when the employee is terminated after filing a bankruptcy

---

[10] Contrary to the assertions in Longaker's opening brief, the district court did *not* conclude that "when Appellant signed his Employment Agreement in September 2009, he immediately earned his full three years' worth of salary and commissions such that they would be subsumed when Appellant filed for bankruptcy in September 2010." *Compare* Opening Brief at p. 11 with A-00237 – A-00238 ("Although the contingent interest did not vest until the day after Longaker filed for bankruptcy, his interest in that contractual benefit was part of the bankruptcy estate.").

18

petition constitutes property of the bankruptcy estate); *In re Wick*, 249 B.R. 900 (Bankr. D. Minn. 2000) (stock option is property of the estate upon the filing of the debtor's bankruptcy petition even though employee needed to work after filing her petition to receive the option), *aff'd,* 276 F.3d 412 (8th Cir. 2002); *In re Edmonds*, 263 B.R. 828 (E.D. Mich. May 31, 2001) (debtor's contingent interest in employer's profit sharing payment was included in the property of the bankruptcy estate, even though debtor did not receive this payment until after filing his bankruptcy petition); *In re Booth*, 260 B.R. 281, 285 (6th Cir. BAP 2001) (debtor's profit sharing payment is included in the bankruptcy estate despite the fact that he did not receive the payment until after filing for bankruptcy); *In re Comm. Fin. Servs., Inc*., 246 F.3d 1291, 1294-95 (10th Cir. 2001) (liability for lump-sum termination payments arose when contract executed); *In re Phones for All, Inc*., 249 B.R. 426, 430 (Bankr. N.D. Tex. 2000) (severance pay earned when employment contract executed); *aff'd*, 288 F.3d 730 (5th Cir. 2002); *In re Robb & Stucky Ltd., LLLP*, 8:11-bk-02801-CED, 2011 Bankr. LEXIS 3302 (Bankr. M.D. Fla. Sept. 7, 2011) (same); *see also Fix v. First State Bank of Roscoe*, 559 F.3d 803, 809 (8th Cir. 2009) (holding that four of debtor's causes of action related to a pre-petition promise made to debtor were property of the bankruptcy estate even though the alleged breach of the promise did not occur until after the debtor filed for bankruptcy).

Appellate Case: 12-2482    Page: 30    Date Filed: 09/13/2012 Entry ID: 3952694

In the leading case on this issue, *In re Ryerson*, the U.S. Court of Appeals for the Ninth Circuit held that payments similar to the guaranteed payments here at issue that were made to an employee upon the termination of his employment under a pre-petition contract were property of the bankruptcy estate. 739 F.2d 1423 (9th Cir. 1984). The employee in *Ryerson* had entered into an employment agreement providing that he may be entitled to certain severance payments from his employer upon the termination of his employment if certain conditions were satisfied, including that he complete one year of service. 739 F.2d at 1425. The employee subsequently filed for bankruptcy. *Id*. Ninth months later, the company terminated his employment, triggering his right to collect the severance payments. *Id*. The bankruptcy court, the bankruptcy appeals court, and the Ninth Circuit all found that after the debtor-employee had completed the required one year of service, he "had accumulated value to which he was entitled upon termination or cancellation" of the contract. *Id*. As a result, the debtor-employee's interest in the severance payment, "albeit contingent at the time of filing and not payable until such time as his [employment] is terminated or cancelled, is includable within the bankruptcy estate pursuant to section 541(a)(1)." *Id*.

Like the employee in *Ryerson*, Longaker entered into an employment agreement that provided him certain legal rights, including the right to receive certain payments if his employment was terminated by his employer for a reason

20

other than "Cause."  As the Ninth Circuit made clear in *Ryerson*, it is irrelevant that the event that triggers the right to receive this payment (*i.e.*, termination of employment) did not occur until after he filed for bankruptcy.  The contingent legal interest in the guaranteed payments came into existence in October 2009 when Longaker entered into the Agreement, nearly a year before he filed for bankruptcy.  As a result, Longaker's legal interest in payments guaranteed under his Agreement necessarily transferred to his bankruptcy estate when he filed his bankruptcy petition.

### 3.  Section 541(a)(6) Does Not Apply Because the Guaranteed Payments Are Not Compensation for Services Performed Post-Petition.

Longaker attempts to avoid the conclusion that the law inexorably requires by contending that, if he had continued to work, the guaranteed payments would have been compensation for services performed, and that such compensation would properly be excluded from the bankruptcy estate under Section 541(a)(6) of the Bankruptcy Code (11 U.S.C. § 541(a)(6)). *See* Opening Brief at pps. 12-23. That conclusion, based on that hypothetical scenario, is true.  But the conclusion is false based on the facts in this case.  The exclusion articulated in section 541(a)(6) requires that ***services be performed and wages earned postpetition***…"  *See* George R. Pitts, *Rights to Future Payment as Property of the Estate Under Section 541 of the Bankruptcy Code*, 64 Am. Bankr. L.J 61, 74 (1990) (explaining that wages

21

earned after filing of the petition are not property of the bankruptcy estate because it is property that did not exist as of the commencement of the bankruptcy case) (emphasis added); *see also In re Wick*, 276 F.3d 412, 416  (8th Cir. 2002) (debtor is entitled to payments resulting from post-petition services).  "Funds are not subject to the postpetition services exception [of section 541(a)(6)] unless they are paid as the result of actual services performed postpetition, or are conditioned upon the performance of continued services postpetition."  *In re A'Hearn*, 2011 Bankr. LEXIS 3721, *15-18 (Bankr. N.D. Iowa Oct. 4, 2011) (holding that payments to a debtor under a pre-petition separation agreement with former employer that required debtor not to compete with her former employer are not excepted from property of the estate) (citing *In re LaSpina*, 304 B.R. 814, 819 (Bankr. S.D. Ohio 2004); *In re Jokiel*, 447 B.R. 868, 873 (Bankr. N.D. Ill. 2011)).

The assumption on which Longaker's argument is based is false; he did not perform services after his employment terminated.  Longaker filed a breach of contract claim seeking guaranteed payments promised in the Agreement. Longaker is not seeking compensation for services performed after he filed his petition for bankruptcy.  Put differently, Longaker is owed nothing except for any post-discharge payment guaranteed under the Agreement.

The district court correctly recognized that Longaker's contingent interest in the guaranteed payments for the remaining contract term necessarily arose from his

Appellate Case: 12-2482    Page: 33    Date Filed: 09/13/2012 Entry ID: 3952694

Agreement. Because, like in *Ryerson*, the Agreement pre-existed Longaker's

bankruptcy filing, all interests he held under the Agreement were transferred to the

bankruptcy estate upon filing of his bankruptcy petition. *See In re Ryerson*, 739

F.2d 1423, 1425 (9th Cir. 1984). The section 541(a)(6) exclusion does not apply.

>    **4.     Longaker's Right to Collect Guaranteed Payments Was Not
>            Conditioned on Performance of Post-Petition Services.**

Longaker also argues that his right to collect the guaranteed payments under

his Agreement was somehow attributable to post-petition services. Longaker

argues that these guaranteed payments are akin to certain employee benefits that

require the performance of services before they vest, such as a stock option that

required an employee to complete one year of employment before the option

would vest. *See, e.g.*, *In re Wick*, 249 B.R. 900 (Bankr. D. Minn. 2000), *aff'd*, *In

re Wick*, 276 F.3d 412, 416 (8th Cir. 2002).

Even if that was the case here (which it is not), such employee benefits are

property of the bankruptcy estate:

> Wick's stock option was nothing more than a contract right contingent
> on a future event. It makes no difference that the contingency
> required postpetition services. Accordingly, the option became
> property of the estate upon the filing of Wick's [bankruptcy] petition.

*Id*. at 909. The *Wick* court therefore excluded only that portion of Wick's stock

option that was attributable to post-petition services pursuant to 11 U.S.C. §

541(a)(6). *Id*. at 909-10.

23

The question is whether any portion of a contingent right is attributable to post-petition services that should be excluded from the bankruptcy estate pursuant to section 541(a)(6). *See In re Parsons*, 280 F.3d 1185, 1188-89 (8th Cir. 2002) (holding that post-petition services performed by debtor did not affect the conclusion that commissions earned under pre-petition contracts were transferred to the bankruptcy estate). Here the answer is clear. Longaker's contractual right to the guaranteed payments under his Agreement if his employment was terminated for a reason not within the definition of "Cause" in Paragraph 9 of the Agreement did not require Longaker to continue to perform services.[11] Again, section 541(a)(6) does not apply.

### 5. Longaker Should be Precluded From Raising this New Argument for the First Time on Appeal.

Longaker did not argue in the district court that section 541(a)(6) would exclude his breach of contract claim from the property of his bankruptcy estate. It is well established that "arguments raised for the first time on appeal are generally not considered" because they are waived. *See Prof. Firefighters Ass'n of Omaha, Local 385 v. Zalewski*, 678 F.3d 640, 649 (8th Cir. 2012); *Corn Plus Coop. v. Cont'l Cas. Co.*, 516 F.3d 674, 680 (8th Cir. 2008); *Aaron v. Target Corp.*, 357

---

[11]   This conclusion is even more clear when the issue is considered from a different angle. BSC would violate the Agreement if it discharged Longaker without "Cause," or other reasons enumerated within the Agreement, and then refused to pay the payments guaranteed under the Agreement because Longaker did not perform services after he was fired.

24

F.3d 768, 779 (8th Cir. 2004) (noting that "[a]rguments and issues raised for the first time on appeal are generally not considered); *Callantine v. Staff Builders, Inc.*, 271 F.3d 1124, 1130 n.2 (8th Cir. 2001) (declining to consider plaintiff's argument because it was not raised before the district court). Because Longaker failed to raise this argument in the district court, this Court should decline to consider this new argument on appeal. *See In re Vote*, 276 F.3d 1024, 1027 (8th Cir. 2002) (declining to consider section 541(a)(6) argument where party failed to raise argument with the lower court).

## II.  The District Court Correctly Dismissed Longaker's MHRA Claim with Prejudice Rather than Granting Him Leave to Amend his Complaint.

The district court dismissed Longaker's MHRA retaliation claim because it held that Longaker lacks standing under the MHRA to assert such a claim and because any such claim would be time-barred. Because there was no pending motion for leave to amend, the district court did not abuse its discretion in dismissing this claim without granting Longaker leave to amend his Complaint. The district court's ruling should be affirmed.

### A.  Longaker Did Not Request Leave to Amend His Complaint.

Although Rule 15 of the Federal Rules of Civil Procedure states that a "court should freely give leave when justice so requires," this Court has refused to fault a district court for not granting a party leave to amend when that party did not seek permission to do so from the district court. *See Steele v. City of Bemidji*, 257 F.3d

25

902, 905 (8th Cir. 2001) (holding that a plaintiff "cannot fault the District Court for failing to grant him leave to amend when he did not seek permission to do so").

### 1. Longaker Did Not Make a Written Request for Leave to Amend.

Longaker concedes that he "did not make his request [for leave to amend] via a noticed motion. . ." Opening Brief at p. 24. In fact, not until Longaker filed his appellate brief had he made a written request for leave to amend his Complaint. Nowhere in Longaker's brief in opposition to Defendants' motion to dismiss did he request that the district court grant him leave to amend his Complaint. *See* A-00146 – A-00165. Rather, Longaker simply requested that the district court deny Defendants' motion to dismiss. A-00165. It was not until oral argument on Defendant's motion to dismiss that Longaker talked about amending his Complaint. A-00259. Even then, he did not request leave to amend.

### 2. Longaker Did Not Request Leave to Amend at the Motion Hearing.

Longaker did not seek leave to amend his Complaint at the hearing on Defendants' motion to dismiss. A-00259. Longaker contends that during this motion hearing, he "specifically requested permission to re-plead his retaliation claim under California law" and thus, triggered "the District Court's responsibility to consider (and appropriately rule on) Appellant's request." Opening Brief at pps. 24-25. However, Longaker's contention is not supported by the hearing record.

26

Longaker first "propos[ed] that [he] could amend the complaint . . . to bring the retaliation cause of action under California law." A-00250. The district court advised Longaker that because Defendants would not consent to this proposal that it would decide the motion as briefed. *Id*. Longaker made no objection to this approach by the district court. *See id*.

Later in the motion hearing, Longaker suggested that, if Minnesota law did not apply to his retaliation claim, then California law should apply. A-00259. The district court stated that its "task will be to just determine what's in the complaint and whether there's a viable MHRA claim?" *Id*. Longaker responded by stating: "And again, what ***I would seek leave*** to do ***if that happens*** is to amend the complaint to plead a claim under California law." *Id*. (emphasis added). Longaker was not requesting that the district court grant him leave to amend his Complaint. Instead, he simply indicated that he would seek leave if the court were to dismiss his MHRA claim.

Even if Longaker's statement could be interpreted as a request for leave to amend, Longaker then seemed to withdraw this "request." *See id*. The district court explained to Longaker that if he wanted to seek leave to amend, he would need to follow the Local Rules and "submit an amended complaint and show how the amendment would cure it and not be fatal, but I think we're beyond that point so." A-00259 – A-00260. Rather than make his case for why any proposed

27

amendment to his Complaint would cure the problem identified by the district court, Longaker stated: "Which is probably a bridge that is not to be crossed today" and moved on to discussing his breach of contract claim. A-00260. Longaker did not request leave to amend; he merely indicated that he would seek leave if the district court dismissed the MHRA claim.

### B. Longaker Failed to Comply with the Requirements of the Applicable Local Rules for Seeking Leave to Amend.

Even if Longaker's statements at the motion hearing could be construed as a request for leave to amend, the district court was not required to address this request because he failed to comply with the District of Minnesota Local Rules for requesting leave to amend his Complaint.

"A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules." *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009). Pursuant to the District of Minnesota Local Rules, in order to move to amend a pleading, a party "shall file such motion and shall attach to the motion: (1) a copy of the proposed amended pleading, and (2) a redline comparing the proposed amended pleading to the party's operative pleading." D. Minn. L.R. 15.1. Failure to comply with the requirements of the Local Rules is a sufficient basis for a court to deny leave to amend the complaint. *See, e.g.*, *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 805 (8th Cir. 2006), *cert. denied*, 549 U.S. 1245 (2007) (holding there

28

was no abuse of discretion when district court denied plaintiff leave to amend where plaintiff did not make a motion for leave to amend or explain the substance of the proposed amendment); *Prof'l Mgmt. Assocs., Inc. Employees Profit Sharing Plan v. KPMG LLP*, 335 F.3d 800, 804 (8th Cir. 2003) (holding that district court did not abuse its discretion in denying plaintiff's "request" for leave to amend where plaintiff had not served a motion for leave to amend along with the proposed amended pleading); *Dudek v. Prudential Sec., Inc.*, 295 F.3d 875, 880 (8th Cir. 2002) (affirming district court's denial of leave to amend where plaintiffs failed to file proposed amended pleading).

In fact, when a party fails to comply with the local rules, a court may simply decline to address potential amendment of a complaint. *See, e.g.*, *Wolgin v. Simon*, 722 F.2d 389, 394-95 (8th Cir. 1983). In *Wolgin*, like in this case, the plaintiff did not submit a proposed amendment or indicate in his brief what the amended complaint would have contained. *See id*. The district court in *Wolgin* dismissed the plaintiff's complaint but did not rule on the question of amendment. *Id*. This Court held that "under these circumstances a grant of leave to amend would have been inappropriate." *Id*.

Nor was the district court required to invite Appellant to submit an amended pleading. This court has regularly held that "[a] district court does not abuse its discretion in failing to invite an amended pleading when plaintiff has not moved to

29

amend and submitted a proposed amended pleading." *See, e.g.*, *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 665 (8th Cir. 2012); *Drobnak v. Anderson Corp.*, 561 F.3d 778, 787 (8th Cir. 2009); *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002); *Carlson v. Hyundai Motor Co.*, 164 F.3d 1160, 1162 (8th Cir. 1999). Here, the district court reviewed what Longaker would be required to do if he later sought leave to amend his Complaint, which Longaker indicated he would do if the MHRA claim was dismissed. *See* A-00259 – A-00260. But Longaker never did this.

### C. Longaker Has Waived the Right To Seek Reversal on this Basis.

In any event, Longaker has waived his right to seek reversal of the district court's decision on this basis. "[T]o preserve the right to amend a complaint a party must submit a proposed amendment along with its motion." *Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir. 1983); *see also Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985). This Court regularly holds that where a party fails to take affirmative action immediately following the entry of judgment to call the district court's attention to the fact that it had committed error, that party has waived its right to assert these arguments on appeal. *See, e.g.*, *Evergreen Invs., LLC v. FCL Graphics, Inc.*, 334 F.3d 750, 757 (8th Cir. 2003); *Hopkins v. Saunders*, 199 F.3d 968, 975 (8th Cir. 1999), *cert. denied*, 531 U.S. 873 (2000). "A party may not stand idly by, watching the proceedings and allowing the [district

30

court] to commit error on which [the party] subsequently complains." *Becker v. Univ. of Neb.*, 191 F.3d 904, 909 n.4 (8th Cir. 1999) (internal quotations omitted).

Other than suggesting that he may request leave to amend his Complaint if the court were to dismiss his MHRA claim, Longaker took no affirmative action to seek leave to amend his Complaint. At no point after the hearing on Defendants' motion to dismiss did Longaker file a motion for leave to amend his Complaint. SA-001 – SA-005. Even after the district court dismissed Longaker's MHRA claim, Longaker still failed to seek leave to amend or seek relief from the court's order under Rule 60(b) of the Federal Rules of Civil Procedure. SA-001 – SA-005. Instead, Longaker appealed the district court's order. Even then, Longaker did not indicate in his statement of "Issues on Appeal" that this was a basis for reversing the district court's decision for which he was seeking review. *See* A-00245. Under such circumstances, Longaker cannot now seek reversal by claiming the district court erred in not granting him leave to amend his Complaint.

31

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should affirm the district court's dismissal of all claims against Defendant-Appellees BSC and Guidant.

Respectfully submitted,

Dated: September 12, 2012

FAEGRE BAKER DANIELS LLP

<u>s/ Kyle T. Fogt</u>
Daniel G. Wilczek, MN Atty # 131660
Kyle T. Fogt, MN Atty # 390217
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

Attorneys for Defendant-Appellees

32

**No. 12-2482**

*In the*

# United States Court of Appeals

*for the*

# Eighth Circuit

———————————————————

David Longaker,

Plaintiff-Appellant,

vs.

Boston Scientific Corporation; Guidant Sales Corporation,

Defendant-Appellees.

———————————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
THE HONORABLE ANN D. MONTGOMERY
Civ. No. 12-CV-185 ADM/JSM

———————————————————

**CERTIFICATE OF COMPLIANCE**

———————————————————

In accordance with Fed. R. App. P. 32(a)(7)(B) – (C) and Eighth Circuit Rule 28A(c) – (d), the undersigned counsel of record for Boston Scientific Corporation and Guidant Sales Corporation hereby certifies that this brief complies with the following requirements:

(i)     The brief uses 14-point Times New Roman font and the number of words in the brief is 7,434;

(ii)    The name and version of the word processing software used to prepare the brief was Microsoft Office Word 2007, Version 12.0.6425.1000;

(iii)    The full text of this brief has been scanned for viruses using Trend Micro OfficeScan (Version 10.0).

FAEGRE BAKER DANIELS LLP

Dated:  September 12 2012

<u>s/ Kyle T. Fogt</u>
Daniel G. Wilczek, MN Atty. # 131660
Kyle T. Fogt, MN Atty. # 390217
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
(612) 766-7000

Attorneys for Defendant-Appellees

2

**No. 12-2482**

*In the*

# United States Court of Appeals

*for the*

# Eighth Circuit

_____

David Longaker,

Plaintiff-Appellant,

vs.

Boston Scientific Corporation; Guidant Sales Corporation,

Defendant-Appellees.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
THE HONORABLE ANN D. MONTGOMERY
Civ. No. 12-CV-185 ADM/JSM

_____

## CERTIFICATE OF SERVICE
_____

I hereby certify that on September 12, 2012, I electronically filed the foregoing:

### Appellees' Response Brief

with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

FAEGRE BAKER DANIELS LLP

Dated:  September 12, 2012

s/ Kyle T. Fogt
Daniel G. Wilczek, MN Atty. # 131660
Kyle T. Fogt, MN Atty. # 390217
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
(612) 766-7000

Attorneys for Defendant-Appellees

fb.us.8998250.05

2